IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KELVIN MERRITT, # B-78207,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 16-cv-102-SMY |
| ) | |
| **GONDINEZ, SHERRY BENTON,** ) | |
| **SUSAN HILL, UNKNOWN PARTY,** ) | |
| **KIM BUTLER, SIMPSON,** ) | |
| **and PHISTER,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for case management. In a Memorandum and Order dated May 13, 2016 (Doc. 7), this Court severed Counts 2, 3, and 4 of this action against Defendants Minor, Qualls, and Payne into a separate action.[1] Remaining in this case is Count 1, which the Court characterized as follows:

> **Count 1:** Fourteenth Amendment due process claim against Defendants Gondinez, Benton, Hill, Butler, Simpson, Phister, and the Unknown Party Menard Grievance Officer, for failing to properly handle or respond to Plaintiff's grievances, and maintaining a policy whereby inmate grievances are not properly documented or handled to enable inmates to exhaust their administrative remedies;

As specified in the severance order, the claim in Count 1 is now subject to merits review pursuant to 28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

---

[1] The severed case is now proceeding in this Court as *Merritt v. Minor, et al.*, No. 16-cv-536-NJR-DGW, and includes claims of retaliation, excessive force, and a false disciplinary report, relating to Plaintiff's incarceration at Menard Correctional Center from January to July 2015.

to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the allegations in Plaintiff's Complaint, the Court concludes that Count 1 is subject to summary dismissal under § 1915A, for failure to state a constitutional claim upon which relief may be granted.

## The Complaint

Plaintiff's Complaint includes the following allegations as they relate to the claims in Count 1: During Plaintiff's incarceration at Menard Correctional Center ("Menard") from June 2014 to July 2015, he filed a number of grievances over medical and other issues.

Much of the Complaint describes problems with prison officials' handling of those grievances. These include the failure to address Plaintiff's claims of deliberate indifference by nurses to his broken hand, the refusal of law library staff to give him copies of a grievance after he filed it (but before a response was issued), having grievances returned to him without an envelope so that officers named in the grievance could read them, grievances being wrongly rejected as having been filed too late, and the failure of officials to respond at all to grievances (Doc. 1, pp. 5-7). Plaintiff describes himself as a "known litigator" who is familiar with the grievance process and the Prison Litigation Reform Act (PLRA).

     While at Menard, Plaintiff was targeted by some officers for daily shakedowns of his cell. Plaintiff filed grievances over the shakedowns, but the grievance officer never answered his complaints.  In January 2015, Officer Minor allegedly used excessive force against Plaintiff and issued a false disciplinary report against him (these incidents are included in the severed case, No. 16-cv-536).  Plaintiff likewise never got any response to his grievances over these matters (Doc. 1, pp. 9, 14).  Plaintiff served time in segregation as a result of the allegedly false disciplinary action.  No response was made to the grievances he filed while in segregation. During that time, Plaintiff discussed the grievance problem with Defendant Butler, and handed grievances to Defendants Hill and Spiller, who did not respond to them (Doc. 1, p. 13).

     Plaintiff sent copies of the grievances to Defendant Benton of the ARB, complaining that he was being "stonewalled" in his attempts to use the grievance process.  Defendant Benton refused to investigate or address his complaints, and told him he filed too many grievances. Plaintiff sent several grievances over Defendant Benton's conduct directly to the IDOC Director, but these communications were referred back to Defendant Benton for a response (Doc. 1, p. 11).

     When Plaintiff was transferred to Pontiac Correctional Center in July 2015, he re-filed

with Defendant Benton all the grievances which had not been answered over incidents at Menard. Defendant Benton rejected them as being filed outside the proper time frame, even though, according to Plaintiff, some of them were timely. Problems with processing Plaintiff's grievances continued at Pontiac, where Defendant Simpson wrongly declared most of his complaints as being filed out of time frame (Doc. 1, p. 11). Plaintiff had to wait for months for a response to a grievance he filed with the Pontiac warden (presumably Defendant Phister). Defendant Simpson (Pontiac grievance officer) failed to respond to other grievances within the proper time.

Plaintiff asserts that the IDOC maintains an unwritten policy to have its grievance officers harass and stonewall prisoners who, like him, pursue grievances and litigation, in order to frustrate inmate lawsuits by claiming that the prisoner has failed to exhaust administrative remedies (Doc. 1, pp. 12-14). By refusing to assign tracking numbers to grievances, counselors make it difficult for Plaintiff and others to show that they filed their grievances in a timely manner.

Plaintiff seeks injunctive relief regarding proper tracking and handling of inmate grievances, and seeks class action status for his claims. (Doc. 1, p. 15).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Plaintiff's claims in Count 1 regarding his many grievances and the deficiencies of the prison grievance system make up a substantial portion of his Complaint. However, the mishandling or failure to respond to grievances does not implicate any constitutional right. Plaintiff's efforts to exhaust his administrative remedies by using the prison grievance process may be relevant in the event that a Defendant raises a challenge to Plaintiff's ability to maintain a § 1983 suit over the substantive matters raised in the grievances. *See* 42 U.S.C. § 1997e(a);

*Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). Nonetheless, a Defendant's action or inaction in handling Plaintiff's grievances does not support an independent constitutional claim. The same is true regarding the allegedly deficient policies governing the grievance system. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).

Notably, Plaintiff does not allege that any of the defendants remaining in this action (Gondinez, Benton, Hill, the Unknown Party Grievance Officer, Butler, Simpson or Phister) who failed to properly handle his grievances were involved personally in any of the misconduct (excessive force, retaliation, or issuance of the allegedly false disciplinary report) that gave rise to those grievances. The Seventh Circuit instructs that the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli*, 81 F.3d at 1430. Plaintiff states only that these defendants failed to address his grievances – grievances that he filed to complain about the misconduct of others. Therefore, Count 1 against Defendants Gondinez, Benton, Hill, the Unknown Party Grievance Officer, Butler, Simpson and Phister fails to state a claim, and shall be dismissed with prejudice.

As Count 1 is the only claim remaining in this action, the entire case shall be dismissed with prejudice.

**Disposition**

For the reasons stated above, this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: August 31, 2016**

s/ STACI M. YANDLE
United States District Judge
